WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

James Jones, II,

        Plaintiff,

v.

Experian Information Solutions Incorporated,

        Defendant.

No. CV-26-01239-PHX-SHD

**ORDER**

Plaintiff James Jones, II, proceeding pro se, initiated this action by filing a Complaint in the University Lakes Justice Court in Maricopa County. (Doc. 1-1.) On February 23, 2026, Defendant Experian Information Solutions Incorporated ("Experian") removed this matter to federal court. (Doc. 1.) On March 2, 2026, Experian filed its Answer to Jones's Complaint. (Doc. 7.) On March 3, 2026, a Rule 16 Case Management Conference was set, and the parties were directed to meet and confer and file a Rule 26(f) Joint Case Management Report within 30 days. (Doc. 8 at 1.) On April 2, 2026, Experian filed a Rule 26(f) Report and advised that despite Experian's efforts, Jones did not participate in the preparation of the Report. (Doc. 11 at 1-2.)

On April 6, 2026, an Order to Show Cause issued ordering that Jones show cause in writing by April 27, 2026, as to why he did not participate in the preparation of the Rule 26(f) Report. (Doc. 12.) Additionally, Jones was directed to update his address with the Clerk's Office due to multiple instances of returned mail.[1] (*Id.*) After Jones provided

---

[1]     The Show Cause Order (Doc. 12) was emailed to Plaintiff at the email address provided to ensure receipt.

Experian with his submissions, an updated Rule 26(f) Report was filed. (Doc. 13.) Jones did not respond to the Order to Show Cause or update his address with the Clerk's Office. On May 5, 2026, the Case Management Conference was held as scheduled.[2] Jones did not appear. At the hearing, counsel for Experian advised that communicating with Jones had been challenging, and that Jones had failed to exchange initial disclosures as required by Fed. R. Civ. P. 26(a).

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action for failure to prosecute. Fed. R. Civ. P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (a court may dismiss under Rule 41(b) for failure to prosecute or comply with rules of civil procedure or the court's orders).

Dismissal for failure to prosecute, however, is a "harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Before dismissing Plaintiff's case, the Court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Id.* (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *Mir v. Fosburg*, 706 F.2d 916, 918 (9th Cir. 1983)). Additionally, "[a] dismissal for lack of prosecution must be supported by a showing of unreasonable delay," but the district court "is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Henderson*, 779 F.2d at 1423. The Court will consider the merits of each of the five *Henderson* factors, in turn.

First, "the public's interest in expeditious resolution of litigation," *id.*, favors

---

[2] Although the Order Setting Rule 16 Case Management Conference that was mailed to Plaintiff was returned to the Court, (Doc. 10), the May 5, 2026 Conference was affirmed in the Order to Show Cause emailed to Plaintiff. (Doc. 12.)

dismissal. Jones's failure to comply with the Court's orders and to appear at the scheduled hearing delayed adjudication of this action.

Second, "the court's need to manage its docket," *Henderson*, 779 F.2d at 1423, favors dismissal. Jones's failure to initially participate in the preparation of the 26(f) Report as ordered required the Court to expend its judicial resources reviewing the docket and drafting an order to show cause, as well as the present order.

Third, "the risk of prejudice to the defendants," *Henderson*, 779 F.2d at 1423, favors dismissal. Defendant expended extra resources in attempting to communicate with Jones, in the filing of two 26(f) Reports, and in attending the hearing at which Jones failed to appear. Absent dismissal, it would likely continue to be burdened with unnecessary expenses due to Jones's lack of cooperation should the case proceed.

Fourth, "the public policy favoring disposition of cases on their merits," *id.*, neither favors nor disfavors dismissal. A dismissal under Rule 41(b) operates as an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). If the Court dismisses Jones's claims without prejudice, the adjudication would not be on the merits and public policy would not disfavor dismissal.

Fifth, "the availability of less drastic sanctions," *id.*, favors dismissal. Jones initially failed to comply with the Court's order that he participate in the preparation of the case management report and failed to respond to the Court's show cause order despite being given ample time to do so and being warned that "[f]ailure to show cause may result in dismissal of this matter for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)," (Doc. 12). Jones's lack of response to the show cause order, initial failure to participate in the preparation of the case management report, failure to appear at the hearing, and failure to exchange initial disclosures are an indication that a less drastic sanction, such as an additional warning to comply with the Court's order, is unlikely to have an effect. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424 (citations omitted).

*Henderson* factors one, two, three, and five favor dismissal, and factor four does not disfavor dismissal without prejudice.  Thus, in sum, the *Henderson* factors weigh in favor of a dismissal without prejudice for failure to prosecute.  *See* 779 F.2d at 1425 ("Where counsel continues to disregard deadlines, warnings, and schedules set by the district court, we cannot find that a lack of prejudice to defendants is determinative."); *see also Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (affirming dismissal of pro se litigant's case).

Accordingly,

**IT IS ORDERED** that Plaintiff's case is dismissed without prejudice for failure to prosecute.  The Clerk of Court shall enter judgment accordingly.

Dated this 5th day of May, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

- 4 -